<table>
<tr><td>

1
2
3
4
5
6
7
8

</td><td>

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Rafael Castillo-Sanchez,

    Petitioner

v.

Dwight Neven, et al.,

    Respondents

</td><td>

Case No.: 2:18-cv-01598-JAD-NJK

**Order Granting Motion for Relief from Judgment**

[ECF No. 11]

</td></tr>
</table>

In this closed action under 28 U.S.C. § 2254, the Federal Public Defender moves on behalf of petitioner Rafael Castillo-Sanchez for relief from judgment,[1] arguing that the action was dismissed due to an error in docketing that caused the initial petition for a writ of habeas corpus to be docketed as a notice. Because it appears that this is true, I grant Castillo-Sanchez relief from the judgment and reopen this case. Also, based upon the finding of financial eligibility, lengthy prison sentence, and Castillo-Sanchez's limited English proficiency that led to the appointment of counsel in *Castillo-Sanchez v. Williams*,[2] I also appoint the Federal Public Defender to represent him in this action.

IT THEREFORE IS ORDERED that the motion for relief from judgment **[ECF No. 11] is GRANTED.** The Clerk of the Court is directed to **VACATE [ECF No. 9]** the order and judgment dismissing this action and **REOPEN** this action.

IT FURTHER IS ORDERED that the Federal Public Defender is appointed as counsel for petitioner under 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent petitioner in all federal

---

[1] ECF No. 11.

[2] *Castillo-Sanchez v. Williams*, Case No. 2:19-cv-01171-KJD-DJA.

proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that petitioner has until August 11, 2020, to file an amended petition or seek other appropriate relief. Petitioner always remains responsible for calculating the running of the federal limitation period and timely asserting claims without regard to any deadlines established or extensions granted herein. By setting a deadline to amend the petition or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, or any claims contained therein are not subject to dismissal as untimely.[3]

IT IS FURTHER ORDERED that respondents will have 60 days after service of an amended petition to file a response to it (including any motion to dismiss); petitioner must file any reply within 30 days of service of an answer. If respondents file a motion instead of an answer, the response and reply deadlines set by Local Rule LR 7-2(b) will apply for that motion.

Because it would be judicially inefficient and taxing on the parties and the Court to address procedural defenses in this case in multiple successive motions to dismiss or embedded in the answer, IT IS FURTHER ORDERED that respondents must raise any procedural defenses to the counseled amended petition together in a single, consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents thus may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except as permitted by 28 U.S.C. § 2254(b)(2) for any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (1) they must do so within the single motion to dismiss not in the

---

[3] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

answer, and (2) they must direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). No procedural defenses, including exhaustion, may be included with the merits in an answer; all procedural defenses, including exhaustion, must be raised instead by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response to that claim.

IT FURTHER IS ORDERED that the paper-copy rule in Local Rule LR IC 2-2(g) is SUSPENDED for this case; paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney unless later directed by the Court.

Dated: April 14, 2020

_____
U.S. District Judge