UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rafael Castillo-Sanchez,<br><br>Petitioner<br><br>v.<br><br>Dwight Neven, et. al.,<br><br>Respondents | Case No.: 2:18-cv-01598-JAD-NJK<br><br>**Order Denying<br>Motion to Dismiss**<br><br>[ECF No. 26] |

Counseled petitioner Rafael Castillo-Sanchez petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his trial counsel failed to prepare and investigate his case, his trial counsel failed to investigate and present a mental health or insanity defense, and his trial and appellate counsel failed to challenge three jury instructions.[1] Respondents move to dismiss as unexhausted ground 3(a)—Castillo-Sanchez's claim that trial counsel failed to challenge three jury instructions.[2] I find that ground 3(a) is exhausted, so I deny Respondents' motion.

**Background**

Castillo-Sanchez challenges his 2010 conviction after a jury trial of first-degree murder with the use of a deadly weapon and assault with a deadly weapon.[3] Castillo-Sanchez was sentenced to, *inter alia*, life without the possibility of parole.[4] He appealed, and the Nevada

---

[1] ECF No. 21.
[2] ECF No. 26 at 5.
[3] ECF No. 30-29.
[4] *Id.*

Supreme Court affirmed.[5] Castillo-Sanchez filed a state petition for post-conviction relief.[6] The state district court denied the petition,[7] and the Nevada Supreme Court affirmed.[8]

Castillo-Sanchez dispatched his federal habeas corpus petition on January 9, 2019.[9] I appointed counsel for him,[10] and a first amended petition was filed.[11] Respondents now move to dismiss ground 3(a) as unexhausted.[12]

## Discussion

Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[13] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[14] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[15] The federal constitutional implications of a claim, not just issues of state law,

---

[5] ECF No. 31-7.
[6] ECF Nos. 31-17, 31-30.
[7] ECF No. 32-2.
[8] ECF No. 32-25.
[9] ECF No. 4.
[10] ECF No. 12.
[11] ECF No. 21.
[12] ECF No. 26.
[13] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).
[14] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).
[15] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

must have been raised in the state court to achieve exhaustion.[16]  A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[17]

Respondents contend that Castillo-Sanchez only alleged in his state post-conviction proceedings that his *appellate* counsel was ineffective for failing to challenge jury instructions 7, 8, and 28, whereas ground 3(a) of his federal petition alleges that *trial* counsel was also ineffective regarding jury instructions 7, 8, and 28.[18]  It is true that in its order affirming the denial of Castillo-Sanchez's state petition, the Nevada Supreme Court articulated Castillo-Sanchez's instant claim as one against only appellate counsel: "Castillo-Sanchez next argues that appellate counsel should have challenged the jury instructions on implied malice, premeditation, and equal and exact justice."[19]  And indeed, the Nevada Supreme Court denied that claim as against appellate counsel only: "we conclude that Castillo-Sanchez has failed to show that appellate counsel was ineffective in failing to raise these futile challenges."[20]

And in fact, in his counseled supplemental petition for post-conviction relief before the state district court, Castillo-Sanchez titled the instant ground for relief as an "ineffective assistance of appellate counsel" claim.[21]  However, significantly, within his discussion of each jury instruction—7, 8, and 28—Castillo-Sanchez discussed *trial* counsel's failures: (1) "Mr.

---

[16] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[17] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[18] ECF No. 26 at 6.

[19] ECF No. 32-25 at 5.

[20] *Id.* at 5–6.

[21] ECF No. 31-30 at 21.

3

Sanchez received ineffective assistance of counsel for failing to object to this jury instruction at trial," (2) "Mr. Sanchez received ineffective assistance of counsel for trial counsel's failure to object to this improper instruction," and (3) "Mr. Sanchez received ineffective assistance of trial counsel for counsel's failure to object to this instruction."[22]  Castillo-Sanchez's opening brief to the Nevada Supreme Court on appeal mirrored his supplemental petition before the state district court.[23]  Accordingly, although Castillo-Sanchez may have only included appellate counsel in the title of his claims before the state district court and Nevada Supreme Court, he presented the state district court and Nevada Court of Appeals with his trial counsel argument within the discussion of his claims.  Castillo-Sanchez has thus presented the state courts with the same claim he now urges in ground 3(a).[24]  Ground 3(a) is exhausted.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 26] is DENIED**.

IT IS FURTHER ORDERED that respondents have 60 days from the date of this order in which to file an answer to Castillo-Sanchez's first amended petition.  The answer must contain all substantive and procedural arguments and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.  Castillo-Sanchez will then have 30 days from the date of service of respondents' answer to file a reply.

_____
U.S. District Judge Jennifer A. Dorsey
May 2, 2022

---

[22] *Id.* at 23–25.
[23] ECF No. 32-6 at 42, 45, 47–48.
[24] *Picard*, 404 U.S. at 276.